UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MALIBU MEDIA, LLC,

                    Plaintiff,

    -against-

JOHN DOE, subscriber assigned IP address 74.108.18.183,

                    Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-4808 (JS)(SIL)

**LOCKE, Magistrate Judge:**

Presently before the Court in this copyright infringement action is Defendant John Doe's ("Defendant" or "Doe") Motion to Quash Subpoena, which Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media") opposes. *See* Docket Entry ("DE") [12], [13]. For the reasons set forth herein, Defendant's motion is denied.

**I. BACKGROUND**

The relevant factual background, as well as a description of the relevant "BitTorrent" technology, is discussed at length in this Court's September 4, 2015 Order granting Plaintiff's Motion for Expedited Discovery (the "Discovery Order"), and is incorporated herein by reference. *See* DE [9]. Nevertheless, the following facts provide relevant context for the instant motion.

**A. <u>The Parties and the Discovery Order</u>**

Malibu Media is a California corporation engaged in the production and distribution of adult erotic films through its website "X-art.com." *See* Compl., DE [1], ¶ 8; Declaration of Colette Pelissier Field (the "Field Decl."), DE [5-1], ¶¶ 3-8.

Through monthly or annual subscriptions, Malibu Media offers access to an online library of copyrighted video content. *See* Field Decl. ¶ 12. According to Plaintiff, "[e]ach month, approximately 80,000 U.S. residents use BitTorrent to steal [Malibu Media's] movies." *Id.* at ¶ 16. To that end, Malibu Media claims that "[n]ow that [its] movies are highly desirable, more people steal [its] movies than pay for a subscription." *Id.* at ¶ 18. Relevant for purposes of this action, Plaintiff alleges that Defendant infringed upon the copyrights that Malibu Media owns for seventeen original works of authorship. *See* Compl. ¶ 29, Exs. A, B.

The Doe Defendant is the Internet subscriber assigned the Internet Protocol ("IP") address 74.108.18.183. *Id.* at Ex. A. Although Malibu Media "only knows defendant by his, her or its IP Address," *see id.* at ¶ 9, by establishing a direct connection with Defendant's IP address, Malibu Media's investigator, IPP International UG ("IPP International"), downloaded from Defendant one or more bits of each of the seventeen digital movie files identified in the Complaint. *Id.* at ¶¶ 18-20. According to Plaintiff, between February 19, 2015 and July 30, 2015, Defendant illegally copied and distributed seventeen movies to which Malibu Media owns the copyright. *Id.* at ¶ 20. To that end, Plaintiff alleges that "Defendant is a habitual and persistent BitTorrent user and copyright infringer." *Id.* at ¶ 25. Accordingly, by way of Complaint dated August 17, 2015, Malibu Media commenced this action against the Doe Defendant, alleging one count of direct copyright infringement in violation of 17 U.S.C. §§ 106, 501. *Id.* at ¶¶ 28-33.

Although Plaintiff does not know the Doe Defendant's identity, Malibu Media alleges that "Defendant's Internet Service Provider can identify the Defendant." *Id.* at ¶¶ 9, 10. Accordingly, on September 2, 2015, Plaintiff filed a motion seeking leave to serve a third-party subpoena on Verizon Internet Services ("Verizon") pursuant to Fed. R. Civ. P. 26(f) (the "Discovery Motion"). *See* DE [5]; *see also* Compl. Ex. A (identifying Verizon as Defendant's Internet Service Provider). Specifically, Malibu Media sought permission to "demand the true name and address of the Defendant." *See* Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, DE [6], at 4. According to Plaintiff, "without [that] information, Plaintiff cannot serve the Defendant nor pursue this lawsuit to protect its valuable copyrights." *Id.*

On September 4, 2015, the Court granted the Discovery Motion, holding that "Malibu Media has demonstrated good cause for limited expedited discovery designed to ascertain the names and addresses of the Doe Defendants." Discovery Order at 9.[1] However, in light of "the high risk of false positives in the identification process . . . combined with the sensitive nature of the copyright material at issue," the Court issued a Protective Order governing the manner in which such information would be disclosed. *Id.* at 10-12. Pursuant to the Protective Order, within sixty days of receiving a subpoena from Malibu Media, Defendant's Internet Service Provider ("ISP") was required to provide notice thereof to Defendant, who is the Internet

---

[1] Certain references in the Discovery Order are to more than one Defendant because Malibu Media filed numerous similar lawsuits followed by the same motion for expedited discovery concerning the identities of various Doe Defendants. *See* Discovery Order at 1-2 (identifying the twenty cases to which the Discovery Order applies).

subscriber associated with the IP address at issue. *Id.* at 11. Upon receiving such notice from the ISP, Defendant then had sixty days to file any motion with this Court seeking to contest the subpoena or litigate the subpoena anonymously. *Id.* If, after sixty days, Defendant did not contest disclosure of his identity, the ISP was required to either produce information responsive to the subpoena or file its own motion to quash within ten days. *Id.* at 12.

## B. The Instant Motion

On November 2, 2015, Defendant filed the instant motion, seeking, among other things, an Order quashing a subpoena that Verizon received from Malibu Media seeking disclosure of the Doe Defendant's identity (the "Verizon Subpoena"). *See* Memorandum of Law in Support of Defendant John Doe 17's Motion to Dismiss or Sever the Matter, Quash, and for a Protective Order ("Def.'s Mem."), DE [12-1], at 1-3. Defendant argues that he or she "is unaware of BitTorrent," and that he or she "did not download pornography and strenuously objects to Verizon releasing his/her name as associated with an IP address that allegedly did." *Id.* at 3. Defendant further contends that "Plaintiff fails to make even a prima facie demonstration of personal jurisdiction over the Defendants." *Id.* at 5. Accordingly, the Doe Defendant requests that the Court:

> (1) dismiss the action against the Defendant and to the extent the action is not dismissed, sever the Defendant from this action because a prima facie showing of personal jurisdiction has not been made and the other defendants in this suit all have different facts surrounding their alleged infringement and have differing interests in this litigation; and (2) quash the subpoena seeking the personal information of Defendant, or in the alternative, grant a protective order preventing the disclosure of any information obtained through a subpoena.

4

*Id.* at 4.

In opposition, Plaintiff argues, among other things, that: (i) it has made a *prima facie* showing of personal jurisdiction over the Doe Defendant; (ii) the Doe Defendant is the only defendant in this action; (iii) Defendant's arguments regarding the merits of the Complaint have no bearing on a motion to quash; and (iv) Defendant fails to identify a legally cognizable basis for quashing the Verizon Subpoena. *See* Plaintiff's Response in Opposition to Defendant's Motion to Quash ("Pl.'s Opp'n"), DE [13], at 3-8. Plaintiff does not oppose allowing Defendant to proceed anonymously through the conclusion of discovery. *Id.* at 7-8.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 45, a court "must quash or modify a subpoena that: (i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter . . . ; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party issuing the subpoena bears the initial burden of demonstrating "that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). Once the subpoena's relevance has been established, "the party seeking to quash . . . bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008). Ultimately, "[d]ecisions to

5

limit discovery as overbroad, duplicative, or unduly burdensome are left to the sound discretion of the trial judge." *Corbett v. eHome Credit Corp.*, No. 10-CV-26, 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010).

## III. DISCUSSION

As set forth above, Defendant argues that: (i) Plaintiff has failed to establish personal jurisdiction over the Doe Defendant; (ii) Plaintiff has improperly "filed this instant action against an unspecified number of unidentified defendants"; (iii) the Verizon Subpoena should be quashed pursuant to Fed. R. Civ. P. 45; and (iv) his or her identity should be protected from disclosure pursuant to Fed. R. Civ. P. 26. *See* Def.'s Mem. at 5-9. As an initial matter, Defendant's argument that "Plaintiffs [*sic*] joining of numerous defendants in this action based on IP addresses . . . is an abuse of the judicial system," *see* Def.'s Mem. at 3, lacks merit. The Doe Defendant is, and always has been, the only defendant in this action.[2] *See* Compl. ¶ 2, Exs. A, B; *see also* Pl.'s Opp'n at 2 ("Plaintiff brings this copyright infringement action against only [one] Defendant: the internet subscriber assigned IP address 74.108.18.183."). Therefore, the Court considers only whether: (i) Plaintiff has adequately alleged personal jurisdiction such that the expedited discovery is appropriate;[3] (ii) the

---

[2] Defendant's confusion presumably stems from the caption on this Court's September 4, 2015 Discovery Order. Because Plaintiff filed several substantially identical motions for expedited discovery, the Court issued one Order resolving each such motion. *See* Discovery Order at 1-2. Nevertheless, the Doe Defendant in this action is the only defendant. *See* Compl. ¶¶ 1-3.

[3] Although Defendant requests that the Court "dismiss the action against the Defendant . . . because a prima facie showing of personal jurisdiction has not been made," *see* Def.'s Mem. at 4, the instant decision is limited to whether the expedited discovery provided for in the Discovery Order is appropriate in light of Plaintiff's alleged failure to establish personal jurisdiction over Defendant. Accordingly, denial of the instant motion is without prejudice to Defendant's ability to make a proper motion pursuant to Fed. R. Civ. P. 12(b) when and if Plaintiff effects service of the Summons and Complaint.

6

Verizon Subpoena should be quashed pursuant to Fed. R. Civ. P. 45; and (iii) good cause exists to issue a protective order pursuant to Fed. R. Civ. P. 26. Applying the legal standards outlined above, and for the reasons set forth herein, Defendant's motion is denied in its entirety.

### A. <u>Whether Plaintiff's Allegations Establish Personal Jurisdiction</u>

Courts in the Second Circuit have held that "[a] plaintiff may be denied discovery if it cannot make out a *prima facie* case for personal jurisdiction over a defendant." *Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759, 2011 WL 1466073, at *3 (S.D.N.Y. Apr. 13, 2011); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) (holding that "the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction"). In determining whether personal jurisdiction has been established, "[f]ederal courts are to apply the personal jurisdiction rules of the forum state." *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 228 (S.D.N.Y. 2015) (quoting *Penguin Grp. (USA) v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010)). Accordingly, the Court looks to New York law to determine whether Malibu Media has established personal jurisdiction over the Doe Defendant.

Under New York law, "[g]eneral *in personam* jurisdiction . . . requires that each defendant either be a resident or domiciliary of New York, have sufficient contact with the state to constitute 'doing business' in the district, or be served with process while in the district." *Does 1-266*, 2011 WL 1466073, at *3 (citing N.Y. C.P.L.R. 301). Relevant here, "a showing that an ISP account is located in the state of New York

and corresponds to the alleged infringing of [the plaintiff's] copyright is enough to make a *prima facie* showing of *in personam* jurisdiction with regard to the holder of that ISP account." *Id.* at *4; *see also Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (allowing for expedited discovery where "[p]ublicly available 'reverse IP' checks confirmed that all of [the] addresses very likely belong[ed] to individuals located in New York"); *Digital Sin, Inc. v. Does 1-179*, No. 11 Civ. 8172, 2012 WL 8282825, at *3 n.3 (S.D.N.Y. Feb. 1, 2012) ("This factual assertion by Plaintiff as to the location of the Doe defendants at the time of the alleged infringement is critical for establishing that personal jurisdiction is proper in this Court.").

Plaintiff's allegations are sufficient at this stage to establish personal jurisdiction such that the expedited discovery provided for in the Discovery Order is appropriate. According to Plaintiff, it used "proven IP address geolocation technology . . . to ensure that the Defendant's acts of copyright infringement occurred using an [IP address] traced to a physical address located within this District . . . ." Compl. ¶ 5. Specifically, Exhibits A and B to the Complaint reveal that the Doe Defendant's IP address was physically located in Mineola, New York when it was used to download and distribute Malibu Media's copyrighted material. *Id.* at Exs. A, B. Plaintiff further alleges that, "[b]ased upon experience filing over 1,000 cases the geolocation technology used . . . has proven to be accurate to the District level in over 99% of the cases." *Id.* at ¶ 6. To that end, this Court recently observed that "Malibu Media's methods of locating alleged infringers of its copyrights is adequate to support

8

Plaintiff's claims." *See Malibu Media, LLC v. Doe*, No. 15-CV-3481 (ADS)(SIL) (E.D.N.Y. Aug. 24, 2016), ECF No. 15 (citing *Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 U.S. Dist. LEXIS 112187, at *12-16 (E.D.N.Y. Aug. 23, 2016)). These allegations are sufficient to make a *prima facie* showing of personal jurisdiction over the Doe Defendant for purposes of the Verizon Subpoena. *See Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 WL 1744838, at *4 (S.D.N.Y. May 15, 2012) (observing that IP address locators "have been accepted as making out a *prima facie* case of personal jurisdiction"); *Does 1-176*, 279 F.R.D. at 241 (finding good cause existed to allow for expedited discovery).

Relying on *Digiprotect USA Corp. v. Does 1-240*, No. 10 Civ. 8760, 2011 WL 4444666 (S.D.N.Y. Sept. 26, 2011) and *Does 1-266*, 2011 WL 1466073, Defendant counters that "[t]his Court would not be the first to dismiss the Plaintiffs [*sic*] lawsuits for failure to make a prima facie showing of personal jurisdiction" and that "the Southern District of New York has dismissed similar John Doe lawsuits involving the alleged file sharing of pornography due to improper jurisdiction." Def.'s Mem. at 6-7. However, in *Does 1-266*, the court held that the plaintiff made "no *prima facie* showing of long-arm jurisdiction over out-of-state defendants," and that it was therefore "left with only the defendants present in the jurisdiction, over whom the court ha[d] *in personam* jurisdiction." 2011 WL 1466073, at *4. Significantly, the court further held that it was "satisfied that a showing that an ISP account is located in the state of New York and corresponds to the alleged infringing of [the plaintiff's] copyright is enough to make a *prima facie* showing of *in personam* jurisdiction with

9

regard to the holder of that ISP account." *Id.* Here, because Malibu Media alleges that the Doe Defendant used an IP address located in this district to download and distribute its copyrighted material, it has made a *prima facie* showing of *in personam* jurisdiction. *See* Compl. ¶ 5, Ex. A (noting that the physical location of the Doe Defendant's IP address was Mineola, New York).

Defendant's argument that, "[t]he only unifying factor in this case and only alleged reason for joining the defendants is defendants allegedly all utilized BitTorrent," *see* Def.'s Mem. at 3, is similarly unavailing. As set forth above, Plaintiff's allegations establish that it does not pursue claims solely based on being "part of the same [BitTorrent] 'swarm,'" *see id.*, but rather, Plaintiff "ensure[s] that the Defendant's acts of copyright infringement occurred using an Internet Protocol address . . . traced to a physical address located within this District . . . ." Compl. ¶ 5. Indeed, Plaintiff alleges that its investigator "established a direct . . . connection with the Defendant's IP address . . . [and] downloaded from Defendant one or more bits of each of the digital movie files identified" in the Complaint. *Id.* at ¶¶ 18, 19. Accordingly, the argument that "an allegation that Defendants are part of the same "swarm" for any alleged file sharing has been expressly rejected by Courts throughout the country as a basis of conferring jurisdiction," *see* Def.'s Mem. at 6, is misplaced and insufficient to overcome Plaintiff's *prima facie* showing of personal jurisdiction.

Based on the foregoing, insofar as the Doe Defendant claims that his or her identity should not be revealed because Plaintiff has failed to make a *prima facie* showing of personal jurisdiction, Defendant's motion is denied.

### B. <u>Whether the Verizon Subpoena Should be Quashed</u>

Defendant also confusingly "requests that the subpoena issued to its ISP be quashed by dismissing Defendant from this suit due to Plaintiffs [*sic*] . . . failure to make a *prima facie* showing of personal jurisdiction . . . ." Def.'s Mem. at 7. Although Defendant does not identify one of the recognized bases for quashing a subpoena pursuant to Fed. R. Civ. P. 45, in similar situations, courts consider whether disclosure of a defendant's identifying information will result in the disclosure of privileged or otherwise protected material. *See* Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv) (identifying bases for quashing or modifying a subpoena); *see also Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, No. 15 Civ. 7788, 2016 WL 1651869, at *2 (S.D.N.Y. Apr. 26, 2016) (analyzing "whether the First Amendment protects an internet subscriber's identity from disclosure" in denying the defendant's motion to quash pursuant to Fed. R. Civ. P. 45).

The Supreme Court has "recognized that the First Amendment protects anonymous speech." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 562 (S.D.N.Y. 2004) (citing *Buckley v. Am. Constitutional Law Found., Inc.*, 525 U.S. 182, 200, 119 S. Ct. 636, 646 (1999)). Moreover, "[i]t is well-settled that the First Amendment's protection extends to the Internet." *Id.* (citing *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870, 117 S. Ct. 2329, 2344 (1997)). Nevertheless, "[t]he First Amendment . . . does not protect copyright infringement, and the Supreme Court . . . has rejected First Amendment challenges to copyright infringement actions." *Id.* (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539,

555-56, 105 S. Ct. 2218, 2228 (1985)); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("The First Amendment does not . . . provide a license for copyright infringement."); *Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3810, 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013) ("Courts in this District have recognized that internet users have a limited First Amendment privacy interest in anonymous internet usage, including the use of peer-to-peer file-sharing networks, but this interest does not protect those who use their anonymity to infringe the copyrights of others."). To that end, in evaluating whether to quash a subpoena issued to an ISP seeking the defendant's identity, courts in the Second Circuit consider the following factors:

> (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy.

*Sony Music*, 326 F. Supp. 2d at 564-65 (internal citations omitted); *see also Arista Records, LLC*, 604 F.3d at 119 (holding that the *Sony Music* standard "constitutes an appropriate general standard for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted"); *Malibu Media, LLC v. John Doe No. 4*, No. 12 Civ. 2950, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012) (applying the *Sony Music* factors in denying the defendant's motion to quash a subpoena seeking disclosure of the defendant's identity). For the reasons set forth herein, the Court concludes that the *Sony Music* factors mandate denial of Defendant's motion to quash.

### 1. Whether Plaintiff Establishes a *Prima Facie* Claim of Harm

To establish a *prima facie* claim for copyright infringement, a plaintiff must establish: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arden v. Columbia Pictures Indus., Inc.*, 908 F. Supp. 1248, 1257 (S.D.N.Y. 1995); *see also Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (discussing elements of a *prima facie* copyright infringement claim). Relevant to this action, "the use of [peer-to-peer] systems to download and distribute copyrighted [material] has been held to constitute copyright infringement." *Sony Music*, 326 F. Supp. 2d at 565.

Here, Plaintiff adequately alleges a *prima facie* case of actionable harm against the Doe Defendant for copyright infringement. According to Plaintiff, Malibu Media is the "registered owner" of the copyrights to the seventeen movies that Defendant allegedly illegally downloaded and distributed. *See* Compl. ¶¶ 2, 20-21. Plaintiff further alleges that, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization . . . ." *Id.* at ¶ 20. Plaintiff's allegations are sufficient at this juncture to establish a *prima facie* claim for copyright infringement against Defendant. *See John Does 1-11*, 2013 WL 3732839, at *6 ("Plaintiff has made a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement."); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296

F.R.D. 80, 87 (E.D.N.Y. 2012) ("Plaintiffs . . . have set forth *prima facie* claims of actionable harm by alleging ownership of registered, copyrighted works that have been infringed."); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (holding that the plaintiff established a *prima facie* claim of copyright infringement by alleging its ownership of the copyrighted material and "specific details regarding unlawful copying and distribution of this work").

In moving to quash the Verizon Subpoena, Defendant claims that he or she is "unaware of BitTorrent" and that he or she "did not download pornography . . . ." Def.'s Mem. at 3. However, whether Defendant ultimately has meritorious defenses to Plaintiff's claims is not relevant for purposes of the instant motion to quash or Plaintiff's ability to obtain the discovery sought in the Verizon Subpoena. *See Arista Records, LLC*, 604 F.3d at 120 (observing that there is no "probability of success on the merits" requirement in order to obtain discovery); *see also Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 197 (N.D. Ill. 2013) ("Whatever the merits of the Putative Defendants' arguments, they put the cart before the horse: a subpoena cannot be quashed on the basis of general denials of liability."); *TCYK, LLC v. Does 1-47*, No. 13-CV-539, 2013 WL 4805022, at *4 (S.D. Ohio Sept. 9, 2013) ("[A]rguments related to the merits of the allegations are appropriately addressed in the context of a motion to dismiss or a motion for summary judgment, rather than on a motion to quash."); *West Bay One, Inc. v. Does 1-1,653*, 270 F.R.D. 13, 15 (D.D.C. 2010) ("While the movants' denial of liability may have merit, the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."). Therefore,

Defendant's general denials of liability are not a sufficient basis to quash the Verizon Subpoena.

Because Plaintiff has pled copyright infringement sufficient to establish a *prima facie* claim, this factor weighs in favor of denying Defendant's motion to quash.

### 2. Whether Plaintiff's Discovery Requests are Sufficiently Specific

The second factor of the *Sony Music* standard requires that the discovery request is "sufficiently specific enough 'to establish a reasonable likelihood that [it] would lead to identifying information that would make possible service upon the Defendant." *Malibu Media, LLC v. Doe*, No. 15-CV-2624, 2015 WL 6116620, at *3 (S.D.N.Y. Oct. 16, 2015) (quoting *Sony Music*, 326 F. Supp. 2d at 566); *see also John Does 1-11*, 2013 WL 3732839, at *5 n.1 ("Discovery requests must be sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court.") (internal quotation omitted); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. at 93 (allowing for disclosure of names and addresses, but not email addresses or phone numbers).

Here, the Verizon Subpoena is sufficiently specific to establish a reasonable likelihood that it will lead to information that will make service on the Doe Defendant possible. Pursuant to this Court's September 4, 2015 Discovery Order, Malibu Media may only subpoena the Defendant's name and address. *See* Discovery Order at 11. Other courts have held that similar requests were sufficiently specific in denying motions to quash. *See, e.g.*, *John Doe Subscriber Assigned IP Address 24.90.139.137*,

15

2016 WL 1651869, at *2 (observing that "the name and current and permanent address of the subscriber associated with the identified IP address" was "highly specific, and reasonably likely to lead to identifying information that would make possible service upon the Defendant") (internal alterations omitted); *Doe*, 2015 WL 6116620, at *3 (holding that the same information was "sufficiently specific"); *John Doe No. 4*, 2012 WL 5987854, at *3 (holding that the plaintiff's request for the defendant's name, current and permanent address, e-mail address, and Media Access Control Address was "highly specific").

Because the Verizon Subpoena is sufficiently specific, this factor weighs in favor of denying Defendant's motion to quash.

### 3. Whether Alternative Means Exist to Obtain the Information Plaintiff Seeks in the Verizon Subpoena

Plaintiff has also established that it does not have alternative practical means of obtaining the Doe Defendant's identity such that it can effect service. According to Plaintiff, Malibu Media "only knows Defendant by his, her, or its IP address," and "Defendant's [ISP] can identify the Defendant." Compl. ¶¶ 9, 10. To that end, other courts have held in similar situations that viable alternative means of identifying a defendant do not exist. *See, e.g.*, *John Doe Subscriber Assigned IP Address 24.90.139.137*, 2016 WL 1651869, at *2 (holding that the plaintiff had "no other practical means of obtaining the information to serve process on the Defendant" where the plaintiff had "no information about the Defendant's identity other than the IP Address used to make the unauthorized copies"); *Malibu Media, LLC v. Doe*, No. 15 Civ. 4381, 2015 WL 4923114, at *1 (S.D.N.Y. Aug. 18, 2015) ("Plaintiff has no other

16

means of learning Defendant's name and address, and the ISP is statutorily prohibited from providing this information to Malibu Media absent a court order.") (citing 47 U.S.C. § 551(c)); *Does 1-176*, 279 F.R.D. at 241 ("Absent a Court-ordered subpoena, many of the ISPs, who qualify as 'cable operators' for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of the putative defendants to Plaintiff."). Accordingly, this factor weighs in favor of denying Defendant's motion to quash.

4. <u>Whether the Subpoenaed Information is Necessary to Advance Plaintiff's Claims</u>

It is well-established that a defendant's identity is critical in advancing a plaintiff's claim. *See Sony Music*, 326 F. Supp. 2d at 566 ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process."); *see also John Doe Subscriber Assigned IP Address 24.90.139.137*, 2016 WL 1651869, at *2 ("Without learning the Defendant's identity and address, the Plaintiff will be unable to serve process and pursue its claim."). Defendant does not dispute that his identity is necessary for Malibu Media to effect service and proceed with its claims against him. Because Defendant's identity is necessary to advance Plaintiff's claims, this factor weighs in favor of denying Defendant's motion to quash.

5. <u>Whether Defendant has an Expectation of Privacy</u>

Courts in the Second Circuit "have held that ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *John Does 1-11*, 2013 WL 3732839, at *6 (citing *Arista Records LLC*, 603 F.3d at 118). To that end, courts

17

have observed that, although defendants in similar actions "have privacy interests due to the nature of the subject infringement, those interests do not 'give way to plaintiff['s] right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.'" *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706, 2012 WL 691830, at *3 (S.D.N.Y. Mar. 1, 2012) (quoting *Sony Music*, 326 F. Supp. 2d at 566); *see also Arista Records LLC*, 604 F.3d at 124 ("[W]e regard Doe 3's expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement."); *Rotten Records, Inc. v. Doe*, 107 F. Supp. 3d 257, 259 (W.D.N.Y. 2015) ("Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest."). Because Defendant's privacy interest is "minimal," and is outweighed by Plaintiff's interest in obtaining the discovery it seeks, *see John Does 1-11*, 2013 WL 3732839, at *6, this factor weighs in favor of denying Defendant's motion to quash.

Accordingly, because all of the relevant factors weigh in favor of Malibu Media, Defendant's motion is denied insofar as it seeks to quash the Verizon Subpoena.

### C. **Motion for Protective Order**

Finally, relying on Fed. R. Civ. P. 26, Defendant argues that a protective order is appropriate because "the risk to the Defendant of annoyance, embarrassment, and oppression is extraordinarily high." *See* Def.'s Mem. at 8. Accordingly, Defendant "requests that any information pertaining to its identity remain sealed and confidential, or that the Court issue some other form of protective order . . . ." *Id.* at

18

9. However, for the reasons set forth herein, and for those set forth more fully in the September 4, 2015 Discovery Order, the Court concludes that good cause does not exist to issue the protective order that Defendant seeks in the instant motion. *See John Wiley & Sons, Inc.*, 284 F.R.D. at 192 (declining to issue a protective order where each of the factors in the balancing analysis weighed in favor of denying the defendant's motion to quash). Therefore, Defendant's motion for a protective order is denied. However, consistent with the Court's Discovery Order, and on Plaintiff's consent, *see* Pl.'s Opp'n at 7-8, Defendant may litigate this action anonymously through the close of discovery. *See* Discovery Order at 12; *see also John Doe No. 4*, 2012 WL 5987854, at *4-5 (denying motion to quash, but allowing the defendant to proceed anonymously).

## IV. CONCLUSION

For the reasons set forth herein, Defendant's motion is denied. Moreover, the October 6, 2015 Order staying the directives and relief provided for in the Court's September 4, 2015 Discovery Order is hereby vacated. Malibu Media is instructed to: (i) serve a copy of this Order on the Doe Defendant's ISP; and (ii) re-serve a copy of the Verizon Subpoena and the Court's September 4, 2015 Discovery Order on the Doe Defendant's ISP. The Discovery Order's Protective Order shall continue to govern the manner in which the expedited discovery is conducted, and the time limits and deadlines provided for therein shall reset upon re-service of the Verizon Subpoena and Discovery Order.

Dated: Central Islip, New York
September 1, 2016

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge